UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
WARREN MONK,                                                    Case No. 18 CV 6458
                Plaintiff,

    -against-                                                           **COMPLAINT**

THE CITY OF NEW YORK, DETECTIVE                    **JURY DEMAND**
JAMES SCHUESSLER [SHIELD # 4963],
DETECTIVE CHARLES INGRASSIA [TAX
REG. # 938694], SERGEANT AFZAL ALI
[TAX REG. # 936116], and JOHN DOE and
JANE DOE #1-10 (the names John and Jane
Doe being fictitious, as the true names are
presently unknown),
                Defendants.
------------------------------------------------------------------------X

Plaintiff, WARREN MONK, by his attorney, The Law Offices of UGO UZOH, P.C., complaining of the defendants herein, The City of New York, Detective James Schuessler [Shield # 4963], Detective Charles Ingrassia [Tax Reg. # 938694], Sergeant Afzal Ali [Tax Reg. # 936116], and John Doe and Jane Doe #1-10 (collectively, "Defendants"), respectfully alleges as follows:

## NATURE OF THE ACTION

1.     This is an action at law to redress the deprivation of rights secured to the plaintiff under color of statute, ordinance, regulation, custom, and/or to redress the deprivation of rights, privileges, and immunities secured to the plaintiff by the Fourth, Fifth, Sixth and Fourteenth Amendments to the Constitution of the United States, and by Title 42 U.S.C. § 1983, and arising under the law and statutes of the City and State of New York.

## JURISDICTION

2.     The jurisdiction of this Court is invoked pursuant to 42 U.S.C. § 1983, 28 U.S.C. § 1343, 28 U.S.C. § 1331 and 28 U.S.C. § 1367, and under the Fourth, Fifth, Sixth and Fourteenth Amendments to the United States Constitution.

3. As the deprivation of rights complained of herein occurred within the Eastern District of New York, venue is proper in this district pursuant to 28 U.S.C. § 1391 (b) and (c).

COMPLIANCE WITH N.Y. GEN. MUN. LAW REQUIREMENTS

4. Plaintiff timely made and served a notice of claim upon the defendants in compliance with N.Y. Gen. Mun. Law § 50-e.

5. At least thirty days have elapsed since the service of aforesaid notice of claim and adjustment or payment thereof has been neglected or refused.

6. This action is commenced within one year and ninety days after the happening of the event(s) upon which the claim(s) is based.

## THE PARTIES

7. Plaintiff is and was at all times material herein a resident of the United States and the State of New York.

8. Defendant City of New York ("City") is a municipal corporation duly organized and existing under the laws of the State of New York.

9. The City of New York Police Department ("NYPD") is an agency of defendant City, and all officers referred to herein were at all times relevant to this complaint employees and agents of defendant City.

10. Defendant Detective James Schuessler [Shield # 4963] was at all times material herein a detective employed by the NYPD. He is named here in his official and individual capacities.

11. Defendant Detective Charles Ingrassia [Tax Reg. # 938694] was at all times material herein a detective employed by the NYPD. He is named here in his official and individual capacities.

12. Defendant Sergeant Afzal Ali [Tax Reg. # 936116] was at all times material herein a sergeant employed by the NYPD. He is named here in his official and individual capacities.

13. Defendants John Doe and Jane Doe #1-10 were at all times material herein individuals and/or officers employed by the NYPD and Kings County District Attorney's office ("KCDA"). They are named here in their official and individual capacities.

14. Defendants Schuessler, Ingrassia, Ali, and John Doe and Jane Doe #1-10 are collectively referred to herein as "defendant officers".

15. At all times material to this Complaint, the defendant officers acted toward plaintiff under color of the statutes, ordinances, customs, and usage of the State and City of New York.

FACTUAL ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

16. On or about August 5, 2016, at approximately 7:30 p.m., defendant officers, acting in concert, arrested plaintiff without cause at or within the vicinity of 1843 Pitkin Avenue, Brooklyn, New York, and initially charged plaintiff with N.Y. PL 220.03 'Criminal possession of a controlled substance in the seventh degree', and N.Y. PL 221.05 'Unlawful possession of marihuana'. Defendant officers ultimately charged plaintiff with N.Y. PL 220.03 'Criminal possession of a controlled substance in the seventh degree', and NYC Admin. Code 10-125(b) 'Consumption of alcohol on streets'.

17. Plaintiff, however, was not in possession of any controlled substance, marihuana and/or alcohol, and did not commit any offense against the laws of New York City and/or State for which any arrest may be lawfully made.

18. Prior to the arrest, plaintiff had just joined his friends from work for a barbecue or gathering hosted by Bernard Worrell in front of his apartment complex which is located at the aforesaid address or arrest location.

19. Within a few minutes thereafter, defendant officers ran into Mr. Worrell's apartment.

20. After a few minutes, defendant officers came outside and approached the plaintiff and some of his friends who were still sitting outside.

21. Defendant officers directed the plaintiff and his friends to identify themselves by producing their identification cards.

22. Plaintiff duly identified himself as directed.

23. Immediately thereafter, defendant officers removed the plaintiff and his friends from the front side of the apartment complex and placed them inside the lobby of the apartment complex.

24. Defendant officers then proceeded to tightly handcuff the plaintiff with his hands placed behind his back.

25. Defendant officers subjected the plaintiff to an illegal search.

26. Defendant officers did not recover any contraband from their unlawful search of the plaintiff.

27. Defendant officers did however remove several properties from the plaintiff's pockets including approximately two hundred and eighty dollars ($280.00).

28. Defendant officers did not issue or provide the plaintiff with any voucher specifying the properties seized from him with the constitutionally-required notice printed on the voucher describing how the plaintiff could reclaim the aforementioned properties.

29. Defendant officers did not otherwise notify the plaintiff of any procedure he could follow to reclaim or recover his properties, and have refused to return some of the aforesaid properties including approximately eighty dollars ($80.00) to the plaintiff.

30. At all times material to this Complaint, no contraband was located in plain view and no contraband was located in any area where it could be argued that the plaintiff saw such contraband, had regular access to such area and/or exercised dominion and control over the area.

31. Eventually, defendant officers transported the plaintiff to NYPD-73rd Precinct where he was detained for a lengthy period of time.

32. Defendant officers refused to provide the plaintiff with food and water, and denied him contact and visitation with friends and family.

33. After detaining the plaintiff for a lengthy period of time at the precinct, plaintiff was transported to the Central Booking to await arraignment.

34. While plaintiff was awaiting arraignment, defendant officers met with prosecutors employed by the Kings County District Attorney's Office.

35. During this meeting, defendant officers falsely stated to the prosecutors, among other things, that the plaintiff committed the charged crime/offense(s).

36. Based on the false testimony of defendant officers, the prosecutors initiated criminal actions against the plaintiff.

37. Upon arraignment, plaintiff was released on his own recognizance.

38. Plaintiff was required to return to the criminal court on numerous occasions to defend the false charges levied against him.

39. On or about February 8, 2018, plaintiff was tried and found not guilty of the false charges levied against him.

40. Each and every officer who responded to and/or was present at the location of the arrest(s) and at the precinct and/or station house knew and was fully aware that the plaintiff did not commit any crime or offense, and had a realistic opportunity to intervene to prevent the harm detailed above from occurring.

41. Nonetheless, defendants did absolutely nothing to discourage and prevent the harm detailed above from occurring and failed to protect and ensure the safety of the plaintiff.

42. As a result of the aforesaid actions by defendants, plaintiff suffered and continues to suffer emotional distress, fear, embarrassment, humiliation, shock, discomfort, loss of liberty, loss of rights to familial association, wages and financial losses, pain and damage, and damage to reputation.

FIRST CAUSE OF ACTION: FALSE ARREST - against defendant officers

43. By this reference, plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 42 of this complaint as though fully set forth herein.

44. The conduct of defendant officers, as described herein, amounted to false arrest.

45. Such conduct violated plaintiff's rights under 42 U.S.C. § 1983 and the Fourth, Fifth, Sixth and Fourteenth Amendments to the United States Constitution.

46. Consequently, plaintiff has been damaged and hereby demands compensatory and punitive damages in an amount to be proven at trial against each of the defendants, individually and severally.

<u>SECOND CAUSE OF ACTION: FAILURE TO INTERVENE - against defendant officers</u>

47. By this reference, plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 46 of this complaint as though fully set forth herein.

48. That each and every officer and/or individual who responded to, had any involvement and/or was present at the location of the arrest, assault and/or incident described herein knew and was fully aware that plaintiff did not commit any crime or offense, and had a realistic opportunity to intervene to prevent the harm detailed above from occurring.

49. Nonetheless, defendant officers did absolutely nothing to discourage and prevent the harm detailed above from occurring and failed to intervene.

50. Such conduct described herein violated plaintiff's rights under 42 U.S.C. § 1983 and the Fourth, Fifth, Sixth and Fourteenth Amendments to the United States Constitution.

51. Consequently, plaintiff has been damaged and hereby demands compensatory and punitive damages in an amount to be proven at trial against each of the defendants, individually and severally.

<u>THIRD CAUSE OF ACTION: FABRICATION OF EVIDENCE AND DENIAL OF RIGHT TO A FAIR TRIAL - against defendant officers</u>

52. By this reference, plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 51 of this complaint as though fully set forth herein.

53. Defendant officers manufactured evidence of criminality against the plaintiff which the prosecutors relied upon to initiate criminal actions against the plaintiff.

54. The conduct of defendant officers, as described herein, amounted to fabrication of evidence and denial of right to a fair trial.

55. Such conduct described herein violated plaintiff's rights under 42 U.S.C. § 1983 and the Fourth, Fifth, Sixth and Fourteenth Amendments to the United States Constitution.

56. Consequently, plaintiff has been damaged and hereby demands compensatory and punitive damages in an amount to be proven at trial against each of the defendants, individually and severally.

FOURTH CAUSE OF ACTION: UNREASONABLE SEARCH & SEIZURE - against defendant officers

57. By this reference, plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 56 of this complaint as though fully set forth herein.

58. The conduct of the defendants, as described herein, amounted to degrading, humiliating and unreasonable search and seizure, and unreasonable detention.

59. Such conduct described herein violated plaintiff's rights under 42 U.S.C. § 1983 and the Fourth, Fifth, Sixth and Fourteenth Amendments to the United States Constitution.

60. Consequently, plaintiff has been damaged and hereby demands compensatory and punitive damages in an amount to be proven at trial against each of the defendants, individually and severally.

FIFTH CAUSE OF ACTION: MALICIOUS PROSECUTION - against defendant officers

61. By this reference, plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 60 of this complaint as though fully set forth herein.

62. Based on the false testimony of defendant officers, the prosecutors initiated criminal actions against the plaintiff.

63. Plaintiff was required to, and did, appear in court on multiple occasions to defend himself from the false charges levied against him with malice by defendants.

64. Eventually, the criminal proceeding(s) terminated in plaintiff's favor.

65. Because of the conduct of the defendants, plaintiff was maliciously prosecuted for a lengthy period of time.

66. The conduct of defendant officers, as described herein, amounted to malicious prosecution.

7

67. Such conduct described herein violated plaintiff's rights under 42 U.S.C. § 1983 and the Fourth, Fifth, Sixth and Fourteenth Amendments to the United States Constitution.

68. Consequently, plaintiff has been damaged and hereby demands compensatory and punitive damages in an amount to be proven at trial against each of the defendants, individually and severally.

SIXTH CAUSE OF ACTION: CONSPIRACY - against defendant officers

69. By this reference, plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 68 of this complaint as though fully set forth herein.

70. In an effort to find fault to use against the plaintiff who is black, defendant officers met with themselves and with several other individuals on numerous occasions and agreed to deprive plaintiff of his constitutional rights secured by 42 U.S.C. § 1983 and the Fourth, Fifth, Sixth and Fourteenth Amendments to the United States Constitution, and took numerous overt steps in furtherance of such conspiracy, as set forth above.

71. Such conduct described herein violated plaintiff's rights under 42 U.S.C. § 1983 and the Fourth, Fifth, Sixth and Fourteenth Amendments to the United States Constitution.

72. Consequently, plaintiff has been damaged and hereby demands compensatory and punitive damages in an amount to be proven at trial against each of defendant officers, individually and severally.

SEVENTH CAUSE OF ACTION: FAILURE TO TRAIN/SUPERVISE/DISCIPLINE AND MUNICIPAL POLICY - against defendant City

73. By this reference, plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 72 of this complaint as though fully set forth herein.

74. Defendant City, acting through NYPD and KCDA, had actual and/or de facto policies, practices, customs and/or usages of failing to properly train, supervise or discipline its police officers and/or prosecutors concerning correct practices in conducting investigations, the proper identification procedures, obligation not to promote or condone perjury and/or assist in the

prosecution of innocent persons and obligation to effect an arrest only when probable cause exists for such arrest.

75. Defendant City, acting through aforesaid NYPD and KCDA, had actual and/or de facto policies, practices, customs and/or usages of wrongfully arresting, illegally stopping, frisking, searching, seizing, physically and emotionally abusing, humiliating, degrading and/or maliciously prosecuting individuals who are members of racial/ethnic minority groups such as plaintiff, who is black, on the pretext that they were involved in robbery, narcotics, drugs, guns and/or other crimes.

76. Further, the existence of the aforesaid unconstitutional policies, practices, customs and/or usages may be inferred from repeated occurrences of similar wrongful conduct.

77. For example, in *Jones v. City of New York*, 603 Fed. Appx. 13 (2d Cir. 2015), Police Officer David Rodriguez arrested the plaintiff in that matter, Javier Jones, merely because he was allegedly informed that Mr. Jones was in the company of another individual named Frantz Machon who did allegedly display a weapon.

78. Officer Rodriguez was questioned at his deposition as to whether it is NYPD's policy to charge all members of a group with criminal possession of a weapon when only one group member is alleged to have possessed a firearm.

79. Officer Rodriguez, as the Second Circuit observed, testified that although NYPD "does not have an official policy of charging all members of a group with criminal possession of a weapon when only one group member is alleged to have possessed a firearm, [] 'That is what we do.'" *Jones*, 603 Fed. Appx. at 15.

80. Officer Rodriguez did further elaborate that "It is like an accomplice to the person with the firearm[]" and that "the normal procedure is when you have a situation like this, everyone gets charged with the firearm because we are going off on what the victim said . . . if the victim said that [Machon] had a firearm, that is going to be the charge for everyone."

9

81. As the plaintiff in *Jones* successfully argued before the Second Circuit, Officer Rodriguez's testimony shows that he "is unaware that he does not have probable cause to arrest a mere bystander[]" which shows that "he has not been trained on this issue by the City [and NYPD]."

82. Here, as was true in *Jones*, the City and KCDA have failed to train defendant officers and have failed to instill in them the fact that they lack probable cause to arrest an individual such as the plaintiff who was merely socializing with his friends and there was no evidence connecting the plaintiff to any crime or offense.

83. Defendant City has settled numerous lawsuits in this district against several officers assigned to the NYPD and KCDA alleging, among other things, that the officers fabricated evidence, falsely arrested the plaintiffs without probable cause, and improperly seized and/or appropriated to themselves the plaintiffs' properties and/or did not issue or provide to the plaintiffs in those cases with any vouchers specifying the properties seized from them with the constitutionally-required notice printed on the vouchers describing how the plaintiffs could reclaim their properties. *See*, *e.g.*, *Eric Davis v. City of New York* (16 CV 385) (improper seizure and/or appropriation of properties); *Jimmy Wilson v. City of New York* (15 CV 6326) (improper seizure and/or appropriation of properties); *Crystal Whitfield v. City of New York* (14 CV 6085) (improper seizure and/or appropriation of properties); *Tyrone Jackson v. City of New York* (13 CV 3589) (false/fabricated identification); *Terri Bradshaw v. City of New York* (13 CV 2991) (improper seizure and/or appropriation of properties); *Ramel King v. City of New York* (12 CV 4322) (improper seizure and/or appropriation of properties); *Javier Jones v. City of New York* (12 CV 3658) (false/fabricated identification); *Anthony Holley v. City of New York* (12 CV 2410) (false/fabricated identification); *Ian Felmine v. City of New York* (09 CV 3768) (false/fabricated identification); *Jawanza Lewis v. City of New York* (08 CV 2435) (improper seizure and/or appropriation of properties); *Nicholls Olwyn v. City of New York* (08 CV 2098) (false/fabricated identification).

84. Despite the numerous complaints of civil rights violations described hereinabove, there has been no meaningful attempt on the part of defendant City to forestall further incidents and/or even to investigate claims that police and correction officers routinely fabricate identification evidence, arrest innocent citizens without probable cause, and use excessive force in the arrest of innocent citizens.

85. As a result of defendant City's failure to properly train, supervise or discipline its police officers, defendant officers unlawfully arrested the plaintiff, incarcerated him, and abused and/or assaulted the plaintiff.

86. Defendant City of New York maintained the above described policies, practices, customs or usages knowing fully well that the policies, practices, customs or usages lead to improper conduct by its police officers and employees. In failing to take any corrective actions, defendant City of New York acted with deliberate indifference, and its failure was a direct and proximate cause of plaintiff's injuries as described herein.

87. The actions of defendants, acting under color of State law, deprived plaintiff of his due process rights, and rights, remedies, privileges, and immunities under the laws and Constitution of the United States, treatise, ordinances, customary international law and norms, custom and usage of a right; in particular, the right to be secure in his person and property, to be free from abuse of process, the excessive use of force and the right to due process.

88. By these actions, defendants have deprived plaintiff of rights secured by treatise, ordinances, customary international law and norms, custom and usage of a right, and the Fourth, Fifth, Sixth and Fourteenth Amendments to the United States Constitution, in violation of 42 U.S.C. § 1983.

<u>EIGHTH CAUSE OF ACTION: NEW YORK STATE CONSTITUTION, ARTICLE I, §§ 5, 6, 8, 11 & 12 - against defendants</u>

89. By this reference, plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 88 of this complaint as though fully set forth herein.

90. By reason of the foregoing, and by arresting, detaining and imprisoning plaintiff without probable cause or reasonable suspicion, and harassing and

|    |    |
|---|---|
|    | assaulting him and depriving him of due process and equal protection of laws, defendants deprived plaintiff of rights, remedies, privileges, and immunities guaranteed to every New Yorker by Article I, § 5 (prohibiting cruel and unusual punishments), Article 1, § 6 (providing for due process), Article 1, § 8 (guaranteeing freedom of speech), Article 1, § 11 (prohibiting discrimination in civil rights and providing for equal protection of laws) & Article I, § 12 (prohibiting unreasonable searches & seizures) of the New York Constitution. |
| 91. | In addition, the individual officers conspired among themselves and conspired with other individuals to deprive plaintiff of his constitutional rights secured by Article I, §§ 5, 6, 8, 11 & 12 of the New York Constitution, and took numerous overt steps in furtherance of such conspiracy, as set forth above. |
| 92. | The individual officers acted under pretense and color of state law and in their individual and official capacities and within the scope of their respective employments as officers, agents, or employees. The individual officers' acts were beyond the scope of their jurisdiction, without authority of law, and in abuse of their powers. The individual officers acted willfully, knowingly, and with the specific intent to deprive plaintiff of his constitutional rights secured by Article I, §§ 5, 6, 8, 11 & 12 of the New York Constitution. |
| 93. | Defendants, their officers, agents, servants, and employees were responsible for the deprivation of plaintiff's state constitutional rights. |

<u>NINTH CAUSE OF ACTION: TORTS (FALSE ARREST/IMPRISONMENT) - against defendants</u>

| | |
|---|---|
| 94. | By this reference, plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 93 of this complaint as though fully set forth herein. |
| 95. | The conduct of the defendants, as described herein, amounted to false arrest/imprisonment. |

96. Consequently, plaintiff has been damaged and hereby demands compensatory and punitive damages in an amount to be proven at trial against each of the defendants, individually and severally.

TENTH CAUSE OF ACTION: TORTS (MALICIOUS PROSECUTION) - against defendants

97. By this reference, plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 96 of this complaint as though fully set forth herein.

98. Based on the false testimony of defendants, the prosecutors initiated criminal actions against the plaintiff.

99. Plaintiff was required to, and did, appear in court on multiple occasions to defend himself from the false charges levied against him with malice by defendants.

100. Eventually, the criminal proceeding(s) terminated in plaintiff's favor.

101. Because of the conduct of the defendants, plaintiff was maliciously prosecuted for a lengthy period of time.

102. Consequently, plaintiff has been damaged and hereby demands compensatory and punitive damages in an amount to be proven at trial against each of the defendants, individually and severally.

ELEVENTH CAUSE OF ACTION: TORTS (UNREASONABLE SEARCH AND SEIZURE) - against defendants

103. By this reference, plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 102 of this complaint as though fully set forth herein.

104. The conduct of the defendants, as described herein, amounted to degrading, humiliating and unreasonable search and seizure, and unreasonable detention.

105. Consequently, plaintiff has been damaged and hereby demands compensatory and punitive damages in an amount to be proven at trial against each of the defendants, individually and severally.

TWELFTH CAUSE OF ACTION: TORTS (NEGLIGENCE AND/OR BREACH OF SPECIAL DUTY OR RELATIONSHIP) - against defendants

106. By this reference, plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 105 of this complaint as though fully set forth herein.

107. Defendants seized and/or appropriated to themselves some of the plaintiff's properties including some money, and have refused to return some of the aforesaid properties to the plaintiff.

108. In addition, the plaintiff missed several days from work as he was forced to return to the criminal court on numerous occasions to defend the false charges levied against him.

109. Defendants failed to properly care, supervise and protect the plaintiff, failed to ensure the plaintiff's health and safety, safeguard the plaintiff's properties and business, and were careless and negligent in their treatment of the plaintiff.

110. The conduct of the defendants, as described herein, amounted to negligence and breach of special duty or relationship.

111. Consequently, plaintiff has been damaged and hereby demands compensatory and punitive damages in an amount to be proven at trial against each of the defendants, individually and severally.

THIRTEENTH CAUSE OF ACTION: TORTS (NEGLIGENT AND INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS) - against defendants

112. By this reference, plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 111 of this complaint as though fully set forth herein.

113. The defendants engaged in extreme and outrageous conduct, intentionally and recklessly causing severe emotional distress to plaintiff.

114. Plaintiff's emotional distress has damaged his personal and professional life because of the severe mental pain and anguish which were inflicted through deliberate and malicious actions including the arrest, assault, detention and imprisonment by defendants.

115. Consequently, plaintiff has been damaged and hereby demands compensatory and punitive damages in an amount to be proven at trial against each of the defendants, individually and severally.

FOURTEENTH CAUSE OF ACTION: NEGLIGENT HIRING AND RETENTION OF EMPLOYMENT SERVICES - against defendant City

116. By this reference, plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 115 of this complaint as though fully set forth herein.

117. Upon information and belief, defendant City, through its various agencies and departments including the defendants in this action, owed a duty of care to plaintiff to prevent the physical and mental abuse sustained by plaintiff.

118. Upon information and belief, defendant City, through its various agencies and departments including the defendants in this action, owed a duty of care to plaintiff because under the same or similar circumstances a reasonable, prudent and careful person should have anticipated that an injury to plaintiff or to those in a like situation would probably result from such conduct described herein.

119. Upon information and belief, defendant City knew or should have known through the exercise of reasonable diligence that defendant officers were not prudent and were potentially dangerous.

120. Upon information and belief, defendant City's negligence in hiring and retaining defendant officers proximately caused plaintiff's injuries.

WHEREFORE, plaintiff respectfully prays judgment as follows:

    a. For compensatory damages against all defendants in an amount to be proven at trial;

    b. For exemplary and punitive damages against all defendants in an amount to be proven at trial;

    c. For costs of suit herein, including plaintiff's reasonable attorney's fees; and;

    d. For such other and further relief as the court deems proper.

DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38 (b) of the Federal Rules of Civil Procedure, plaintiff demands a trial by jury.

Dated: Brooklyn, New York
      November 13, 2018

UGO UZOH, P.C.

/s/

_____
By:   Ugochukwu Uzoh (UU-9076)
       Attorney for the Plaintiff
       304 Livingston Street, Suite 2R
       Brooklyn, NY 11217
       Tel. No: (718) 874-6045
       Fax No: (718) 576-2685
       Email: u.ugochukwu@yahoo.com